**J. Ashlee Albies, OSB No. 051846**
ashlee@albiesstark.com
ALBIES & STARK
1 SW Columbia Street, Suite 1850
Portland, OR 97204
Phone: (503) 308-4770
Fax:     (503) 427-9292

**Sarah R. Osborn, OSB No. 222119**
sarah@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia Street, Suite 1850
Portland, OR 97204
Phone: (503) 459-4010
Fax: (503) 512-5022

*Of Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NATALIE HUGGINS**, | Case No.: 3:22-cv-1074 |
| Plaintiff, | |
| v. | **COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES** |
| **WASHINGTON COUNTY**, an Oregon municipal corporation; and **TYLER WHITELY**, an individual; | Sex Discrimination and Hostile Work Environment -- ORS 659A.030; Deprivation of Right to Equal Protection – 42 U.S.C. § 1983 |
| Defendants. | **DEMAND FOR JURY TRIAL** |

ALBIES & STARK
1 SW COLUMBIA ST., STE. 1850
PORTLAND, OR 97204
503.308.4770

## INTRODUCTION

Plaintiff Natalie Huggins ("Huggins"), a deputy with Washington County Sheriff's Office, brings civil rights claims against Washington County ("County"), alleging a sexually hostile work environment and gender discrimination under state and federal law. She seeks to hold the County accountable and to address the pervasive sexual harassment and discrimination in the Sheriff's Office, and to foster a culture of safety and accountability for all its employees.

## JURISDICTION & PARTIES

1.

This Court has jurisdiction over Huggins' federal claims under 28 U.S.C. § 1343 and 28 U.S.C. § 1331; and 42 U.S.C. §§2000e-5(f)(3). This Court also has supplemental jurisdiction over Huggins' state claims pursuant to 28 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

2.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391 because at least one of the Defendants resides herein.

3.

Defendant Washington County is organized under the laws of the State of Oregon. The County is responsible for ensuring that all its facilities, systems and departments, including the Washington County Sheriff's Office ("WCSO"), comply with federal and state discrimination laws, and the Constitution of the United States of America. The County is liable for the tortious conduct of its agents and employees pursuant to ORS 30.265(1). The County is a "public employer" for purposes of ORS 659A.203 and is a "person" and an "employer" as defined by

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

ORS 659A.001. The County is a "person" for purposes of 42 U.S.C. § 1983.

4.

At all material times, the County maintained its principal place of business in Washington County and conducted regular and sustained business activities in Washington County.

5.

Defendant Tyler Whitely is a resident of Washington County, Oregon.

6.

The County is an "employer" and Whitely is an "agent" for purposes of ORS Chapter 659A, and a "person" acting under color of law under 42 USC 1983.

7.

At all material times, Huggins was supervised by the County's employees or agents, including Whitely, and Huggins relied on the actual or apparent authority of the County's employees, supervisors and management.

8.

Huggins sent Defendant County notice of her intent to sue pursuant to ORS 30.275 on or around March 30, 2022.

**FACTUAL ALLEGATIONS**

9.

The Washington County Sheriff's Office has a sexual harassment and gender discrimination problem. In 2014, WCSO experienced a high-profile sexual misconduct scandal involving civilian support staff being charged with sexual assault of prisoners. In the wake of this

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

scandal, WCSO claimed to implement measures to address sexual harassment and prevent sexual assault in the workplace.

10.

However, in recent years, no less than 40 WCSO employees were found by the County to have violated its sexual harassment policy. Although some were disciplined, many resigned. Moreover, the sexual harassment training is subpar and ineffective. WCSO's discipline, training, and corrective actions have been insufficient to change the culture, and many female WCSO employees have been subjected to ongoing sexual harassment and/or sexually discriminatory conduct, sanctioned at the highest levels of WCSO.

11.

In or around 2010, WCSO hired Huggins to work as a Jail Services Technician, and in 2017, she became a Deputy Sheriff recruit. Huggins performed well throughout her employment and was promoted to a Deputy Sheriff in or around the end of 2018.

12.

Throughout Huggins' employment with WCSO, several male Deputies and Corporals frequently made sexual advances, requests for sexual contact, sexual comments, comments about her appearance, and other verbal and physical conduct of a sexual nature.

13.

In or around 2011, Huggins reported to Defendant's management-level employees including Deputy Sheriff Robert Bingham ("Bingham"). One day, completely unprompted, Bingham sexually assaulted Huggins by grabbing her buttocks. After Huggins reported this conduct to Commander Marie Tyler ("Tyler"), Bingham continued to work during the ensuing

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

internal investigation and WCSO did not immediately intervene or prevent Bingham from continuing to work in the same building as Huggins and other female employees. WCSO's investigation resulted in minor discipline and a forced apology to Huggins. To date, Bingham is still employed by WCSO.

14.

In or around 2013, another male Deputy Sheriff Adam Slater ("Slater") sent Huggins and several other women pictures of his genitalia. This was apparently a common enough occurrence that Slater had a reputation for it among WCSO's female employees and was reviled for it. When Huggins reported this incident to Commander Tyler, she told Huggins that she must have done something to encourage his harassing behavior. No disciplinary action was taken against Slater for this harassment, but when a separate investigation began in or around 2016 into other instances of Slater sexually harassing female WCSO employees, Huggins' incident resurfaced, and she was interviewed as part of the new investigation. Slater was eventually terminated as a result of this later investigation, but negligence on behalf of WCSO's management allowed him to continue this behavior for three more years before any action was taken.

15.

In or around mid-2019, Huggins worked as a Deputy Sheriff reporting to Defendant Whitely. As Corporal, Whitely maintained a significant number of management duties, including supervising the Deputy Sheriffs, managing schedules, recommending discipline, providing feedback, and receiving complaints.

16.

During the summer of 2019, Defendant Whitely was Huggins' acting and apparent

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

supervisor. Around this time, Whitely began subjecting Huggins to a sexually hostile work environment. Whitely's sexually charged behavior included comments about Huggins body and clothing, telling he liked her workout pants, that they fit nicely, and that they were his "favorite." He also made inappropriate sexually charged comments about his wife's intimate grooming habits.

17.

In or around December 2020, Defendant Whitely made inappropriate comments about his wife to Huggins, describing their intimate relationship and sexual behavior.

18.

In or around January of 2021, Defendant Whitely told Huggins that he dreamt about her waking up in bed with him. As Huggins attempted to remove herself from the situation, Whitely snickered and told her that there was more "stuff" about her in his dream but it was "way too dirty for work."

19.

Defendant Whitely's harassing behavior made Huggins extremely uncomfortable to the point where she contemplated quitting WCSO. Huggins was also wary of reporting Whitely because WCSO historically had shown a pattern of tolerating sexual harassment and downplaying complaints made by female employees, including those made by Huggins herself. Huggins did not initially feel comfortable reporting Whitely's behavior any further up the chain of command due to her previous experience with Slater. She felt WCSO's "investigations" took too long and lacked any sense of empathy or compassion, and that it would be less traumatic to endure Whitely's behavior rather than go through months of interrogations in interviews with an investigative team that seemed more focused on proving Whitely's innocence than gathering the

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

facts of the situation. This sentiment is shared by many of WCSO's female employees.

20.

Several weeks after the incident discussing Whitely's inappropriate dream about Huggins, she could no longer tolerate working with him and spoke to Sergeant Jeremy Braun ("Braun") to tell him about her situation. Braun told Huggins that the situation needed to be officially reported and set up a meeting for her with Chief Deputy Karlyn Degman a few weeks later. Based on information and belief, the County conducted an investigation and eventually disciplined Defendant Whitely, part of which was a demotion from Corporal to Deputy. Defendant Whitely filed a grievance, appealing the case in arbitration, which was heard in October 2021, and was denied, finding in January 2022 that WCSO had cause to demote Whitley. When Whitley returned from his administrative leave, on-duty sergeants placed Whitely in the same patrol district as Huggins for one day. Huggins and Whitely have been kept separated since her initial report outside of her participation in the arbitration process.

21.

WCSO continues to tolerate a culture of sexual harassment, even after the investigation against Defendant Whitely. On or around March 31, 2022, another male Deputy, Deputy Brian Rogers ("Rogers"), made a reference to his penis being printed on fabric after Huggins showed him a quilting project that she was working on. Recruit Deputy Lucas Aguilar witnessed this incident. On or around April 1, 2022, Huggins reported this incident and the investigation into it is ongoing. Rogers was not placed on leave and continued a normal patrol schedule.

22.

On or around June 16, 2022, another Deputy, Keith Kyler, was talking about how he had

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

unintentionally exposed his penis to a nurse during a medical procedure and Rogers, who was also present, began sharing a story about how he had difficulty peeing in urinals after a medical procedure. Knowing he was already under scrutiny from Huggins' previous report, Deputy Rogers looked her in the eye and told her the following about his previous interaction with a nurse: "I can say this because it is a direct quote from a medical professional, 'I've seen hundreds of dicks before, yours is nothing special.'" Huggins, knowing that he was intentionally pushing her boundaries, reported this incident. This investigation is still ongoing, and Deputy Rogers was placed on leave.

23.

Upon information and belief, numerous female WCSO deputies who have complained about or experienced discrimination or harassment have been routinely ignored and there have been few significant consequences to the offenders.

24.

WCSO has not employed sufficient accountability over the many years of harassment.

25.

On or around March 30, 2022, Huggins provided a Tort Claims Notice to the County outlining the harassment she suffered throughout the years.

26.

WCSO, through its employee Whitely, intentionally created and/or intentionally maintained discriminatory work conditions as discussed above. Defendants created a culture of fear that prevented and ignored reporting and continues to perpetuate a sexually harassing work environment through its inaction.

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

27.

WCSO's acts as described herein were done with malice or with reckless indifference to the federally protected rights of Huggins and/or were in reckless disregard of WSCO's societal obligations, and committed with conscious indifference to the health and safety of Huggins.

<u>**First Claim For Relief**</u>
**ORS 659A.030 –Sex Discrimination and Hostile Work Environment**
**(Against the County)**
28.

The County subjected Huggins to sexual advances, requests for sexual conduct, and other verbal and physical conduct of a sexual nature by her direct supervisor at WCSO, Whitely, who was empowered to take tangible employment actions against Huggins.

29.

WCSO discriminated against Huggins in substantial or motivating part because of her sex in one or more of the following ways:

 a. Subjecting Huggins to sexual advances, requests for sexual conduct, and other verbal and physical conduct of a sexual nature by her direct supervisor at WCSO, Whitely, who at all times was empowered to take tangible employment actions against Huggins;

 b. Failing to properly investigate and/or discipline the WCSO employee(s) involved in sexual harassment against Huggins and failing to take prompt, remedial action;

 c. Perpetuating a hostile work environment to continue, as alleged herein.

30.

Defendant County's conduct, described above, was unwelcome and was sufficiently

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

severe or pervasive to alter the conditions of Huggins' employment and create a hostile, intimidating, and offensive work environment based on her sex. Huggins perceived the working environment to be hostile or abusive and a reasonable woman in the plaintiff's circumstances would have also considered the work environment to be hostile. Defendant knew or should have known about the conduct described above; much of the conduct described was perpetrated by WCSO employees at the level of supervisor or higher and was open and obvious.

31.

Defendant's creation of, and/or failure to prevent, the hostile work environment for Huggins constitutes unlawful sex discrimination and Defendant's conduct was substantially motivated by her sex and sex-based stereotypes and constitutes unlawful sex discrimination.

32.

As a direct and proximate result of the sex discrimination and hostile work environment, Huggins has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial pursuant to ORS 659A.885 and ORS 20.107.

33.

Huggins is entitled to an order declaring The County in violation of the statutory rights as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause Defendant to stop its violations of law and disregard of the statutory and constitutional rights of employees.

34.

Huggins is entitled to recover her costs and attorneys' fees pursuant to ORS 659A.885

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

and ORS 20.107.

## Second Claim For Relief
### Tort of Negligent Hiring, Retention, and Supervision
### (Against The County)

35.

Huggins realleges the paragraphs above as fully set forth herein.

36.

Defendant County knew or should have known of WCSO's hostile, abusive, and unhealthy working environment.

37.

Defendant was negligent in hiring, retaining, and supervising WCSO employees despite knowledge that he created and maintained a hostile working environment and in condoning, creating, and/or maintaining a hostile work environment.

38.

Defendant's actions violated a legally protected interest of sufficient importance as a matter of public policy to merit protection from emotional impact and emotional distress was the foreseeable result of the violation of the legally protected interest

39.

As a result of the above-described contact, Huggins suffered, continues to suffer, and will in the future suffer from embarrassment, frustration, anger, humiliation, a sense of increased vulnerability, and feelings of stigmatization, all to Huggins' non-economic damages in an amount to be determined by the jury.

40.

Huggins is entitled to recover costs and attorneys' fees pursuant to ORS 20.107.

**11 | Complaint**

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

## Third Claim for Relief
### Deprivation of Right to Equal Protection – 42 U.S.C. § 1983
**(Count 1: Individual Liability against Defendant Hartley)**

41.

Huggins re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

42.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983. The rights protected by this provision include those of equal protection under the Fourteenth Amendment to the U.S. Constitution.

43.

Defendant Whitley was acting under color of law at all relevant times herein.

**(Count 2: Monell Liability against Defendant Washington County)**

44.

Defendants denied Huggins her constitutional rights based on her sex as set forth above.

45.

Defendant County is liable for the deprivation of Huggins' Equal Protection rights because persons in policy-making positions ratified the unlawful conduct knowing the basis of the unlawful conduct. Further, "an ongoing pattern of deliberate indifference raises an inference of 'custom' or 'policy' on the part of the municipality." *Thurman v. City of Torrington*, 595 F. Supp. 1521, 1530 (D. Conn. 1984).

46.

**12 | Complaint**

The County is liable for the deprivation of Huggins' rights because the deprivation was pursuant to a WCSO custom, policy or practice of discriminating against women and/or allowing a culture of sexual harassment. WCSO has a custom, policy or practice of:

a) sex discrimination;

b) not fully and adequately investigating incidents that demonstrate WCSO employees have engaged in sexual harassment;

c) not fully and adequately investigating retaliation complaints within WCSO;

d) not fully training its employees on sexual harassment;

e) fostering an environment where WCSO employees are afraid to report complaints against fellow members of the WCSO;

f) not appropriately disciplining WCSO employees for policy violations, particularly those related to reports of misconduct within WCSO and policies related to sex discrimination, thereby failing to adequately deter future policy violations.

g) not appropriately communicating disciplinary actions against WCSO employees, particularly those related to reports of misconduct within WCSO and policies related to sex discrimination, thereby leaving the impression that there are no consequences for policy violations.

These customs, policies, and/or practices resulted in the constitutional deprivation of equal protection under the laws.

47.

At all relevant times, Defendants were acting under color of state law, for the improper purpose of denying Huggins' right to equal protection as guaranteed by the Fourteenth

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

Amendment, in violation of 42 U.S.C. §1983.

48.

Huggins re-alleges damages, costs, and attorney fees as set forth above and is entitled to an award of attorney fees and costs incurred herein, pursuant to 42 U.S.C. § 1988.

## JURY TRIAL DEMAND

Huggins demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

**WHEREFORE,** Huggins requests the following judgments against Defendants and relief according to proof:

1. Non-economic damages in an amount to be determined by a jury;

2. Punitive damages as allowed by statute;

3. Reasonable costs and attorney fees per statute;

4. For prejudgment and post-judgment interest as appropriate and allowed by law;

5. Equitable relief including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

//

//

//

//

//

//

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770

6.  On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

7.  All such other relief as this Court may deem proper.


Dated: July 22, 2022.

**Albies & Stark**

s/ J. Ashlee Albies

J. Ashlee Albies, OSB No. 051846
ashlee@albiesstark.com

Sarah R. Osborn, OSB No. 222119
sarah@oregonworkplacelaw.com

*Of Attorneys for Plaintiff Natalie Huggins*

ALBIES & STARK
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204
503.427.4770